### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASHLEIGH M. ADDIS )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　Plaintiff, 　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　　　　　)　　Case No. 20-cv- 01363<br>　　　　　　　　　　　　　　　　　　　　 )<br>DOUG BRADLEY TRUCKING, INC. 　　　　)<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　Defendant. 　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　 ) | |

### JOINT MOTION FOR APPROVAL OF
### FAIR LABOR STANDARDS ACT SETTLEMENT

Plaintiff Ashleigh Addis and Defendant Doug Bradley Trucking, Inc., by and through their respective counsel, hereby move the Court for an Order approving their settlement of Plaintiff's claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* In support of their joint motion, the parties submit that the settlement reached resolves a bona fide dispute regarding Plaintiff's entitlement to claimed overtime wages, and that the terms of the settlement are fair and reasonable to all parties. For the reasons set forth herein, the parties request that the Court grant their Joint Motion for Approval of Fair Labor Standards Act Settlement and approve the Parties' Settlement Agreement, a copy of which is attached hereto as Exhibit 1.

**I.　　Factual Background**

Defendant is a freight shipping and trucking company with its corporate office located in Salina, Kansas. Plaintiff was employed by Defendant as a dispatcher from April 13, 2020 through July 28, 2020. Defendant paid Plaintiff a weekly salary of approximately $720.00

which, based upon a forty (40) hour workweek, calculates to approximately $18.00 per hour. Plaintiff alleges that during her employment, her job duties were such that she was not exempt from overtime compensation. Defendant denies this claim and alleges that Plaintiff was an exempt administrative employee and thus not entitled to overtime compensation. Plaintiff further alleges that during her employment, she worked approximately 225 hours of overtime for which she was not paid the overtime premium of one half her regular rate. Defendant denies that Plaintiff worked 225 hours of overtime during her employment at Defendant.

## II.     Early Resolution

The parties began discussing resolving Plaintiff's claims on or about November 18, 2020, prior to any lawsuit being filed. The parties reached an agreement on December 3, 2020, prior to any lawsuit being filed. The terms of the settlement are set forth in the executed Settlement Agreement and Release, attached hereto as Exhibit 1.

## III.    Legal Arguments and Authorities.

### A.     Standard for Approving Settlement of Fair Labor Standards Act Claims

"When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable." *Valdez v. Southeast Kan. Indep. Living Res. Ctr., Inc.*, Case No. 10-1194-KHV/DJW, 2011 U.S. Dist. LEXIS 3346, at *1 (D. Kan. March 9, 2011) (citations omitted). "To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees." *Valdez*, 2011 U.S. Dist. LEXIS 3346, at *4 (citations omitted). If a

proposed settlement reflects a "reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *See id.* at *1, fn. 2 (citing *Lynn's Food Stores*, 679 F.2d at 1354).

### 1. Bona Fide Dispute

Parties requesting court approval of an FLSA settlement must "provide the Court with sufficient information to determine whether a bona fide dispute exists." *Valdez*, 2011 U.S. Dist. LEXIS 3346, at *4 (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010)). To do so, the parties should provide the court with the following information:

> (1) a description of the nature of the dispute (e.g. a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Id.* (*citing McCaffrey*, 2011 U.S. Dist. LEXIS 1096, 2011 WL 32436 at *2)).

The parties here dispute whether Plaintiff was exempt from overtime compensation, the amount of overtime worked by Plaintiff, and Plaintiff's regular rate of pay for purposes of calculating any overtime allegedly due to Plaintiff. Defendant argues that Plaintiff's job duties fall within the administrative exemption of the FLSA because as a dispatcher, Plaintiff used discretion and independent judgment on matters of significance, such as, among other things, assigning truck drivers to jobs, coordinating with customers, planning routes, deciding whether or not to use certain drivers, and having input into the discipline and retention of drivers. Plaintiff, however, denies that she had authority to exercise any significant amount independent

judgment or that her suggestions were given any particular weight by Defendant. Plaintiff alleges that she worked approximately 225 hours of overtime during her employment at Defendant and calculates her damages for unpaid overtime to be $6,075.00 (225 hours X $27/hour = $6,075.00). Defendant denies that Plaintiff worked 225 hours of overtime during her employment. Defendant contends that Plaintiff worked no more than 75 hours of overtime during her employment. Further, Defendant contends that Plaintiff's regular rate would be less than that asserted by Plaintiff because Plaintiff was paid a salary intended to cover all hours worked – not 40 hours per week. Based on the above, the parties submit that there is a bona fide dispute as to whether claimant is entitled to overtime, the number of overtime hours Plaintiff worked and Plaintiff's regular rate of pay for purposes of determining any alleged overtime payments due.

### 2. Fair and Reasonable Settlement

"To be fair and reasonable, an FLSA settlement must be reasonable to the employee and must not frustrate the policies embodied in the FLSA." *Valdez,* 2011 U.S. Dist. LEXIS 3346, at *4. This Court has stated that the framework for "evaluating the fairness of a class action settlement is instructive" in evaluating whether an FLSA settlement is fair and reasonable. *Id.* at *7. The Tenth Circuit Court of Appeals has considered the following factors when deciding whether to approve a class action settlement under Fed. R. Civ. P. 23(d):

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Id.*

In addition, courts consider the additional factors when determining that a proposed settlement does "not undermine the purpose of the FLSA to protect employees' rights from employers who generally wield superior bargaining power," being the following:

> (1) the presence of other employees situated similarly to plaintiffs; (2) a likelihood that plaintiffs' circumstances will recur and (3) a history of FLSA noncompliance by defendant or others in defendant's industry.

*Id.* at *8.

In this case, the parties submit that each of the above factors is met. The Parties' discussed their respective positions regarding whether Plaintiff was exempt from overtime compensation, the number of overtime hours Plaintiff allegedly worked, and calculation of Plaintiff's regular rate of pay. The parties would offer conflicting evidence regarding these issues. This conflicting evidence would create serious doubt regarding the ultimate outcome of the litigation. Further, the uncertainty of protracted litigation weighs in favor of an immediate settlement. If this matter were to proceed, the parties would need to engage in written discovery and depositions. The parties could potentially incur additional expenses in preparing for and conducting a jury trial. Given the factual disputes involved and the costs and risks of litigating the matter though a jury trial compared to the total amount of overtime claimed by Plaintiff, the uncertainty of litigation weighs heavily in favor of an immediate settlement. Finally, this settlement is consistent with the purpose of the FLSA. There is no allegation of widespread misconduct nor does the record reflect a history of FLSA non-compliance by Defendant nor any likelihood that Plaintiff's circumstances will reoccur.

### 3. Reasonable Attorney's Fees

The Parties further request that the Court approve requested fees and expenses in the amount of $2,152.00 ($1,750.00 for attorney's fees and $402.00 for costs). "The FLSA also requires that a settlement agreement include an award of 'a reasonable attorney's fee . . . and costs of the action.'" *Fulton v. TLC Lawn Care, Inc.*, No. 10 2645-KHV, 2012 U.S. Dist. LEXIS 68777, 2012 WL 1788140, at *12 (D. Kan. May 17, 2012) (citing 29 U.S.C. 216(b)). "Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory." *Id*. (citations omitted). "To determine whether the negotiated amount of attorney fees is reasonable, the Court must examine whether plaintiff's counsel is adequately compensated and ensure that a conflict of interest does not taint the amount plaintiffs receive under the agreement." *Valdez v. Southeast Kan. Indep. Living Res. Ctr., Inc.*, Case No. 10-1194-KHV/DJW, 2011 U.S. Dist. LEXIS 3346, at *8 (D. Kan. March 9, 2011) (citations omitted).

The settlement provides that Plaintiff's counsel receives $2,152.00 in attorneys' fees and expenses, which is based upon Plaintiff's counsel's expenditure of seven (7) hours of time billed at her standard hourly rate of $250 per hour, plus $402 for the cost of filing the Complaint.

### *Johnson* **Factors**

Regarding the fees sought, the Tenth Circuit has directed that this Court should consider the 12 factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Rosenbaum v. MacAllister*, 64 F.3d at 1439 1445 (10th Cir. 1995). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the question presented by the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to the acceptance of the case; (5) the

customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. A review of the *Johnson* factors supports the Plaintiff's request for fees and costs.

### 1. The Time and Labor Required and the Preclusion of Other Work Due to Acceptance of This Case (Factors 1 and 4).

Counsel for Plaintiff initially agreed to accept this case on a contingency fee basis of one-third (33.3%) of any recovery which, based upon the proposed settlement in this case, would have resulted in an award of attorney's fees in the amount of $2,160.00. However, because the parties were able to resolve their dispute prior to any lawsuit being filed (pending the Court's approval), Plaintiff's counsel has agreed to accept fees from Plaintiff based upon her standard hourly rate ($250/hour). Counsel for Plaintiff has expended seven (7) hours of time on this case. Such hours include time spent investigating the facts, reviewing documents and caselaw, communicating with Plaintiff, calculating potential damages, and negotiating a settlement. This work necessarily diminished the time available for Plaintiff's counsel to pursue other matters. Additionally, Sloan, Eisenbarth, Glassman, McEntire & Jarboe L.L.C. is a relatively small law firm with only fourteen (14) full-time practicing attorneys.

This Court has applied a "lodestar cross-check" to determine whether fees sought are reasonable, *See Cox v. Sprint Comm'ns. Co., L.P.*, 2012 U.S. Dist. LEXIS 162576, *11-12 (D.Kan. Nov. 14, 2012). Plaintiff's counsel's lodestar is $1,750.00 at her standard hourly rate of $250 per hour. The proposed settlement provides for attorney's fees and costs in the amount of $1,750.00. The out-of-pocket costs paid by Plaintiff's counsel amounted to $402.00 which was

the cost of filing the case. Thus, calculated on a lodestar basis, the fees provided for in the settlement do not constitute any "windfall" to Plaintiff's Counsel and should therefore be approved. *Compare Bruner v. Sprint/United Mgmt., Co.*, 209 U.S. LEXIS 60125 at *20 (D. Kan. July 14, 2009) *with Sanderson v. Unilever Supply Chain, Inc.,* 2011 U.S. Dist. LEXIS 145794 at *1-6 (W. D. Mo. December 19, 2011).

### 2. Novelty and Difficulty; Skill Required; Undesirability of Case (Factors 2, 3 and 10)

Plaintiffs' Counsel assumed risk of failing to recover her investment of time and costs in this action due to the legal hurdles in the matter. As discussed, Defendant asserts that Plaintiff was exempt from overtime compensation based on the administrative exemption. Defendant additionally disputed the amount of overtime hours worked by Plaintiff and Plaintiff's calculation of her regular rate. Whether Plaintiff would qualify for the exemption based on her job duties presented difficult questions. Moreover, determining actual hours worked in a case where a plaintiff alleges additional work hours but the plaintiff did not maintain her own records of hours worked presents hurdles.

Additionally, whether the standard of "willfulness" for the liquidated damages apply in this case poses a difficult question. If the Defendant's actions were in "good faith" as to compliance with the FLSA, Plaintiff's damages would be limited to any unpaid overtime wages and would not include liquidated damages. 29 U.S.C. § 260.

Therefore, this case necessitated particularized skill and knowledge of the FLSA duties test for the executive exemption and of the FLSA generally. Notwithstanding such difficult questions, Plaintiff's counsel obtained substantial relief for the Plaintiff. Absent particularized knowledge, skill and willingness to assume risk by Plaintiff's counsel, it is exceptionally

unlikely that the Plaintiff would have obtained the substantial relief represented by the settlement.

### 3. The Results Obtained (Factor 8)

Plaintiff's counsel obtained a favorable result for Plaintiff in this case. The settlement provides for Plaintiff to receive $6,480.00. As noted above, Plaintiff estimated her total overtime damages as $6,075.00. Defendant adamantly contends that Plaintiff was exempt from overtime compensation and disputed the amount of weekly overtime hours allegedly worked by Plaintiff as well as Plaintiff's calculation of Plaintiff's alleged overtime compensation. Despite such risks, Plaintiff's settlement amount allows her to recover in excess of her actual estimated overtime damages.

### 4. The Customary Fee; Whether it is Fixed or Contingent; the Experience, Reputation and Ability of the Attorneys; Awards in Similar Cases (Factors 5, 6, 9, 12)

The hourly rate requested by Plaintiff's Counsel is a reasonable and acceptable hourly rate in the relevant market (See Exhibit 2, p. 17). The specific hourly rate of Plaintiff's counsel is $250 per hour. This Court has previously found a rate of $250 per hour to be reasonable. *See McMillian v. BP Serv., LLC*, No. 19-2665-DDC-TJJ, 2020 WL 4015259, at *2 (D. Kan. July 16, 2020). Further, because the Plaintiff was not able to pay attorney's fees up front, her contract for legal services with Plaintiff's counsel initially provided that the case would be taken on a contingency fee basis of one-third (33.3%). Thus, the amount of attorney's fees and costs agreed to in the Settlement Agreement is less than the amount initially agreed upon by Plaintiff, notwithstanding the fact that counsel for Plaintiff risked receiving no payment at all if Plaintiff's claim was unsuccessful.

More generally, Plaintiff's counsel possesses particularized skill, experience, and ability to litigate these types of claims. Counsel for Plaintiff is a Partner at her law firm and has been a practicing attorney since 2009. She has primarily focused on civil and employment law litigation. She graduated from the University of Kansas School of Law in 2009 and received a certificate in tax law and was a member of the Dean's Student Advisory Board.

Finally, although the amount of wages owed to Plaintiff would not continue to accrue in this case, Plaintiff's counsel's fees would have continued to accrue and could easily have dwarfed Plaintiff's claim for damages. The Parties agreed to the settlement amount understanding that the FLSA is a fee-shifting statute. As the Supreme Court has explained, "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (discussing fee awards in the context of a fee-shifting statute). The reputation, ability, and skill of Plaintiff's counsel was critical in reaching this settlement for the benefit of Plaintiff, which supports the reasonableness of the fees sought herein.

## IV.     CONCLUSION

The Parties submit that the proposed settlement agreement is fair and reasonable and should be approved. The instant lawsuit involves a bona dispute regarding the amount of overtime hours worked by Plaintiff, whether Plaintiff was exempt from overtime compensation altogether, and Plaintiff's regular rate for purposes of calculating any overtime allegedly owed. The settlement is fair and equitable to Plaintiff and Defendant, and the settlement contains an award of reasonable attorney fees. The proposed settlement reflects a reasonable compromise in light of the extreme cost and inherent risk associated with litigation and the Court should

approve the settlement. For these reasons, the Parties respectfully request that the Court grant their Joint Motion for Approval of Fair Labor Standards Act Settlement and enter an Order approving the Parties' Settlement Agreement and finding the Agreement is a fair, equitable and reasonable resolution of the disputed claims and dismissing the action with prejudice, with each party to bear their own costs and attorneys' fees incurred in this action.

Submitted by:

/s/Danielle N. Davey
Danielle N. Davey, #24205
SLOAN, EISENBARTH, GLASSMAN,
   MCENTIRE & JARBOE, LLC
534 S. Kansas Avenue, Ste 1000
Topeka, KS 66603
(785) 357-6311
(785) 357-0152 fax
ddavey@sloanlawfirm.com
Attorneys for Plaintiff

/s/ Jared T. Hiatt
Jared T. Hiatt           KS 23526
CLARK, MIZE & LINVILLE, CHARTERED
129 South 8th Street, POB 380
Salina, Kansas 67402-0380
Tel. 785-823-6325
Fax 785-823-1868
jthiatt@cml-law.com
Attorneys for Defendant